WILLIAM RENE AND GERTRUDE RENE, HIS WIFE, PLAINTIFFS-RESPONDENTS, v. WILLIAM PHILLIPS, DEFENDANT, AND RICHARD PHILLIPS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 30, 1967—Decided February 24, 1967.

Before Judges GAULKIN, LEWIS and LABRECQUE.

*Mr. Charles J. Kahwaty* argued the cause for appellant.

No brief and no appearance on behalf of respondents.

The opinion of the court was delivered by

LABRECQUE, J. A. D. On May 19, 1962 an automobile operated by plaintiff William Rene, in which his wife Gertrude was a passenger, was in collision with one owned by defendant William Phillips (William) and driven by his brother Richard Phillips (Richard). Since the Phillips car was not covered by liability insurance, notice of intention to make claim, as required by *N. J. S. A.* 39:6-65, was filed with the Unsatisfied Claim and Judgment Fund Board (Board). The Board also received notice of the pendency of the present suit to recover compensation for the damage to the Rene automobile, personal injuries sustained by Mrs. Rene and consequential damages to her husband. An appearance was entered by private counsel on behalf of defendants William and Richard. The trial in the county district court was scheduled for May 24, 1965. On May 25, 1965 counsel for defendants wrote General Adjustment Bureau, to which the claim had been assigned by the Board, as follows:

"I represent both defendants in the above matter which was listed for trial in the Passaic County District Court on Monday, May 24, 1965.

Prior to that time, I attempted to contact the defendants but was only successful in obtaining the whereabouts of William Phillips. Mr. William Phillips informed me that he no longer knew where his brother Richard was living as he had not seen him for the past several months.

Due to the fact that Richard was not available, the case against him was marked default, and the matter against William was settled. The Plaintiff, Mrs. Rene and her attorney will prove the case as to damages against Richard Phillips on Tuesday, May 24, 1965, [*sic*] after which time I will inform you of the amount of judgment."

On Friday, May 28, 1965, judgment by default was entered in favor of Gertrude Rene and against Richard in the amount of $2,500, but counsel did not so advise the Board. We are not advised as to the disposition of the claim of Mr. Rene.

The first notice to the Board of the actual entry of the default judgment was contained in a notice of motion to compel payment, *N. J. S. A.* 39:6-69, dated May 3, received May 5 and returnable on May 16, *1966*. Upon receipt of the notice

through the mail the Board retained present counsel to oppose the motion. He, in turn, addressed a letter to the clerk of the court entering his appearance in opposition to the motion and requesting an adjournment of the hearing date. The letter was received and filed on May 16, 1966, but counsel was advised that the motion had been granted on May 13, 1966.

On May 23, 1966 counsel for the Board served notice of a motion to vacate both the default judgment dated May 28, 1965 and the order for payment entered on May 13, 1966 or, alternatively, for a redetermination, in accordance with *N. J. S. A.* 39:6–74, of the amount of damages justly due and payable to plaintiff. The motion was denied *in toto* and the Board appeals.

In essence, it is the contention of the Board that (1) the order for payment was improvidently entered in that notice of the application therefor was not served upon it within the time limited by *N. J. S. A.* 39:6–69, the statute authorizing said payment, and (2) since plaintiffs' judgment was entered by default, in the absence of Richard, and without notice to the Board, under *N. J. S. A.* 39:6–74 the Board may be required to pay on account thereof only such sum as may be found by the court to be justly due and payable on the basis of the amount of actual damages for which Richard was liable to plaintiff Gertrude Rene.

We hold that the order directing payment of the judgment by the Board was improvidently entered and that the motion of May 23, 1966 should have been granted.

*N. J. S. A.* 39:6–69 provides:

"When any qualified person recovers a valid judgment in any court of competent jurisdiction in this State, against any other person, who was the operator or owner of a motor vehicle, for injury to, or death of, any person or persons, or a similar valid judgment in such court against such a defendant for an amount in excess of $100.00, exclusive of interest and costs, for damages to property * * * arising out of the ownership, maintenance or use of the motor vehicle in this State on or after April 1, 1955, and any amount remains unpaid thereon in the case of a judgment for bodily injury or death, * * * such judgment creditor may, upon the termination of all proceedings,

including reviews and appeals in connection with such judgment, file a verified claim in the court in which the judgment was entered and, *upon 10 days' written notice* to the board may apply to the court for an order directing payment out of the fund, of the amount unpaid upon such judgment for bodily injury or death, * * *." (Emphasis added)

Where notice is given by mail an additional three days must be allowed. *R. R.* 4:6–4. Such notice is a necessary prerequisite to an order for payment. It contemplates a "hearing on application for payment of judgment," at which the Board may appear and oppose payment. *N. J. S. A.* 39:6–70, as amended *L.* 1961, *c.* 19.

The trial judge ruled that the required ten days' notice had been given to the Board. We disagree. Even if the notice had been made returnable on May 13, it would have been insufficient in view of the fact that it was sent through the mail. Probably by reason of this fact it was not made returnable until May 16. Until that date the court was without jurisdiction to enter an order for payment. The requested adjournment should have been granted and the Board afforded an opportunity to oppose payment. The order directing payment is accordingly set aside.

On plaintiffs' motion for payment of the judgment the basic issue was (1) whether the judgment was recovered under circumstances which constituted it one entered by default within the intendment of *N. J. S. A.* 39:6–74 and, if so, (2) whether it was entered without prior notice to the Board, so as to entitle the Board to relief against the judgment and an opportunity to defend. *N. J. S. A.* 39:6–75.

As noted, both defendants were represented by the same personal counsel. In apparent reliance upon this fact, although the claim had been assigned to General Adjustment Bureau pursuant to *N. J. S. A.* 39:6–66, no attorney was designated by the Board to represent defendants at the trial. When the case, after being transferred to the county district court, came on for trial, notwithstanding the fact that counsel appeared on behalf of both defendants, there was a judg-

ment of dismissal as to William and a default entered as to Richard. All that remained to be done thereafter was to assess damages. Counsel for plaintiffs gave no notice that he intended to do so. If it be argued that the letter of counsel for defendants to General Adjustment Bureau dated May 25, 1965 was a compliance with the requirement that such notice be given to the Board (on which we express no opinion), the letter gave no notice of a hearing on May 28, 1965, the date when the judgment was entered.

■■ We perceive no merit in plaintiffs' contention at the trial to the effect that, since the Board did not elect to assign counsel to defend the case but permitted defendants to retain private counsel who appeared at the time the default was entered and when the proofs were taken, the subsequent judgment did not fall within the interdiction of *N. J. S. A.* 39:6–74 and 75. Where, as here, upon failure of an uninsured defendant to appear or defend on the day set for trial a judgment is entered without advance notice to the Board, it is a default judgment within the intendment of the cited provisions of the statute. In *Myers v. Cave,* 55 *N. J. Super.* 185 (*App. Div.* 1959), we held:

"No matter what may legitimately be regarded as unclear or debatable about section 14 of the act [*N. J. S. A.* 39:6–74] in other respects, we entertain no doubt that its provisions relative to entry of judgments by default are invocable by the Board whether or not it has previously assigned a claim or action to an insurer for investigation or defense. We cannot agree with the contention of plaintiffs that where the Board decides to assign a claim to an insurer for defense, pursuant to section 6, after being notified of the institution of an action, the only recourse it has by way of defense under section 14 against an application for an order for the Board to pay a judgment is a showing either that the action was not fully and fairly defended or that the judgment was entered by consent or with the agreement of the defendant. There is only one reference in section 14 to the contingency of an assignment to an insurer, and that has nothing to do with default judgments. *Expressio unius est exclusio alterius.*

Moreover, plaintiffs apparently concede, as is clear from section 14, that the Board may in an appropriate case raise the objections of insufficient defense or consent judgment notwithstanding an assignment to an insurer which has left the defense of the matter to personal

counsel for the defendants. We discern neither express provision nor any reason or logic in imputing a different legislative intent in respect to the right of the Board to invoke the remedies vouchsafed the Fund by sections 14 and 15 in case of entry of judgment by default notwithstanding a previous assignment of the case to an insurer." (at *pp.* 194–195)

And further:

"[W]e cannot find either in section 14 or elsewhere in the act an intent to qualify the unconditional remedies clearly granted the Board by the act against an application for payment of a default judgment, as specified in sections 14 and 15, on the basis of whether or not the Board or its assigned insurer have relied on the defendant's personal counsel to defend the case up to the time of entry of the default judgment." (at *p.* 195)

The notice of intention to enter a default judgment required by *N. J. S. A.* 39:6–74 is for the purpose of permitting the Board to participate through counsel in order to assure that only where the liability of defendant has been established shall a claim against the Board be allowed, and then only to the extent of plaintiff's actual damage. *Douglas v. Harris,* 35 *N. J.* 270, 280 (1961). Here the physician's statement which accompanied the notice of intention filed with the Board recited that Mrs. Rene sustained no permanent injuries and estimated one week of total and two weeks of partial disability with a total medical fee of $50. The Board was entitled to inquire into the facts which justified an award of $2,500 under such circumstances. The fact that the court was required, even after final judgment, to restrict the amount of damages to be paid by the Board to the sum "justly due" on the basis of the "actual amount of damages for which the defendant is liable" in no wise detracted from the necessity of notice to the Board prior to the entry of a default judgment. *Douglas v. Harris, supra,* at *p.* 280.

The judgment of the Passaic County District Court is accordingly reversed and the case remanded for further proceedings in accordance with this opinion.

No costs.